USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/6/22

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
CENTRAL UTA OF MONSEY et al.,
          Plaintiffs,

v.

SUFFERN CENTRAL SCHOOL DISTRICT
and DOUGLAS S. ADAMS, individually and as
Superintendent of Suffern Central School
District,
          Defendants.
--------------------------------------------------------------x

**ORDER**

18 CV 11103 (VB)

On September 30, 2022, plaintiffs moved to settle this action on behalf of the infant plaintiffs pursuant to Local Civil Rule 83.2. (Doc. #219).

The Court has reviewed the proposed settlement and needs additional information before it can grant the motion.

In the materials accompanying the motion, plaintiffs' counsel states: "The settlement agreement provides that:

- Defendant will pay Plaintiffs the total sum of Nineteen Thousand Five Hundred Dollars ($19,500.00) in full and final settlement of all claims against Defendant;
- Defendant agreed that it would immediately provide transportation to all eligible students at Plaintiffs' school . . .; and
- Defendant agreed that it would immediately provide any special education services to qualified students at Plaintiff's schools."

(Doc. #220 ¶ 7). However, the settlement agreement (Doc. #220-1) does not reflect these terms.

Regarding the first point, the settlement agreement provides that defendant Suffern Central School District ("Suffern") will pay plaintiff Central UTA of Monsey ("Central UTA") $19,500. (Doc. #220-1 ¶ 1). The settlement agreement does not provide for any portion of this amount to be distributed to the other plaintiffs. Thus, according to the settlement agreement, plaintiffs' counsel is not correct that Suffern is paying "Plaintiffs" this amount.

Regarding the second and third points, Suffern's provision of transportation and special education services to Central UTA's students is only referred to in the settlement agreement's "whereas" clauses as "resolved issues." (Doc. #220-1 at 1). The numbered paragraphs in the settlement agreement, which purportedly set forth the "conditions" to which Suffern and Central UTA agree, do not include an agreement for Suffern to provide these services. Moreover, paragraph 5 of the settlement agreement provides that Central UTA's release of claims against

1

Suffern is "in consideration of monies paid by [Suffern] to [Central UTA] <u>and other benefits conferred upon the Student Plaintiffs, as more fully described in Paragraphs No. 1 and 2</u>." (Doc. #220-1 ¶ 5). But paragraph 1 deals solely with the $19,500 payment to Central UTA, and neither paragraphs 1 nor 2 reference Suffern's provision of transportation or special education services.

**<u>Accordingly, on October 21, 2022, at 12:00 p.m., the parties shall appear by telephone for a conference to discuss these inconsistencies in plaintiffs' submission.</u>** At the time of the scheduled conference, counsel shall attend by calling the following number and entering the access code when requested:

Number:  (888) 363-4749 (toll-free) or (215) 446-3662

Access Code:  1703567

Dated: October 6, 2022
       White Plains, NY

SO ORDERED:

*(signature)*
Vincent L. Briccetti
United States District Judge

2