UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
CENTRAL UTA OF MONSEY et al.,
    Plaintiffs,

v.

SUFFERN CENTRAL SCHOOL DISTRICT
and DOUGLAS S. ADAMS, individually and as
Superintendent of Suffern Central School
District,
    Defendants.
--------------------------------------------------------------x

**ORDER**

18 CV 11103 (VB)

12/15/22

  On September 30, 2022, plaintiffs moved for an order pursuant to SDNY Local Civil Rule 83.2 to approve settlement of this matter on behalf of the infant plaintiffs. (Doc. #219).

  Following a conference on October 21, 2022, at which counsel for all parties appeared by telephone, on December 13, 2022, plaintiffs filed an Amended Declaration of Robert S. Rosborough IV Pursuant to Local Civil Rule 83.2 (Doc. #230 (the "Amended Declaration")).

  As an initial matter, the Court finds there is good cause for dispensing with the New York State procedures because a quick and efficient settlement of the remaining claims in this action will benefit the infant plaintiffs and their parents by allowing them to continue to receive transportation and special education services from defendant Suffern Central School District ("Suffern"). See Local Civil Rule 83.2(a)(1).

  In reviewing the proposed settlement, including the settlement agreement and general release (Doc. #230-1) and the addendum to the settlement agreement (Doc. #230-2), as well as the Amended Declaration, the Court has considered the following factors:

(i) Suffern's agreement to immediately provide transportation to all eligible students at the infant plaintiffs' school;

(ii) Suffern's agreement to immediately provide special education services to qualified students at the infant plaintiffs' school;

(iii) that, at the outset of the litigation, plaintiff Central UTA of Monsey ("Central UTA") agreed to fully fund the cost of litigating this action on behalf of the infant plaintiffs and parent plaintiffs, without contribution from the infant plaintiffs or parent plaintiffs, and that Central UTA will be paid a total of $19,500 in full and final settlement of all claims against defendants;

1

(iv) the view of plaintiffs' counsel that the settlement avoids significant litigation risks, including a bona fide dispute whether Suffern's prior refusal to offer transportation and special education services was religiously motivated;

(v) plaintiffs are represented by counsel experienced in representing plaintiffs asserting claims that municipal decisions were made with religious animus in violation of such plaintiffs' constitutional rights;

(vi) the parents and natural guardians of the infant plaintiffs have given their consent to the settlement of this litigation on behalf of their children;

(vii) the claims released by Central UTA in the settlement agreement are limited to those arising from or connected to the provision of education, transportation, or special education services by Suffern and claims alleging discrimination, and explicitly carves out any claim that Suffern failed to comply with the terms of the settlement agreement; and

(viii) plaintiffs' attorneys are not seeking an award of attorney's fees out of the settlement amount.

Based on the foregoing, the Court finds the settlement agreement is fair and reasonable to the infant plaintiffs. Therefore, plaintiffs' motion for an order approving the settlement is GRANTED.

In addition, as reflected in the settlement agreement and general release (Doc. #230-1) and the addendum to the settlement agreement (Doc. #230-2), all remaining parties in this action have entered into a settlement of all remaining claims.

Accordingly, this case is dismissed. The Clerk is instructed to terminate the pending motion (Doc. #219) and close this case.

Dated: December 15, 2022
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge